# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ZACKERY CRABTREE, | Case No. 3:19-cv-00479-LRH-CLB |
| Petitioner, | |
| v. | ORDER |
| WILLIAM GITTERE, et al., | |
| Respondents. | |

Pending before the court are numerous motions involving three issues: (1) whether petitioner may amend his habeas petition, (2) whether petitioner should be appointed counsel, and (3) whether and when respondents should respond to petitioner's habeas petition.

With respect to the first issue, respondents do not contest petitioner's right to amend his petition. *See* ECF No. 29 at 2. In addition, no responsive pleading has been filed by the respondents. *See* Fed. R. Civ. P. 15(a)(1) (allowing amendment as a matter of course prior to service of responsive pleading). Accordingly, petitioner will be permitted to file an amended petition.

Petitioner attached a proposed pleading to his motion to amend that includes three grounds for relief with supporting facts. *See* ECF No. 20-1. Because it is not on the court's approved form, however, it lacks the procedural information necessary for the opposing party to respond to the petition and for this court to adjudicate the petition.

*See* Local Rule, LSR 3-1 ("A petition for writ of habeas corpus filed by a person who is not represented by an attorney must be on the form provided by this court."). Thus, the petitioner will be directed to file a complete amended petition on the form provided by this court.

The court has also reviewed its decision to deny appointment of counsel. As grounds for his request for appointment of counsel, petitioner cites to his inability to represent himself, the need for him to rely on other prisoners for legal assistance, and the disparity in legal training and resources between himself and the attorney general. ECF Nos. 9/13/15/16/23. These circumstances are common to state habeas petitioners and are not sufficient to entitle petitioner to appointed counsel. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986) (holding that petitioner is entitled to appointed counsel when "circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations"). Because the issues in this case are not, at this point, overly complex and there is no indication that an evidentiary hearing will be warranted, the court stands by its decision to deny counsel. *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987) (concluding that district court did not abuse its discretion in failing to appoint habeas counsel where district court pleadings showed that petitioner understood the issues and was able to present his contentions); *Knaubert v. Goldsmith*, 791 F.2d 722, 729–30 (9th Cir. 1986) (finding district court did not abuse its discretion in failing to appoint habeas counsel where no evidentiary hearing was necessary).

Lastly, the court will vacate its existing scheduling order (ECF No. 6) and issue a new scheduling order when petitioner files his amended petition. Thus, the respondents are not required to respond to the habeas petition on file.

///

///

///

///

**IT THEREFORE IS ORDERED** that petitioner's motion for leave to file an amended petition (ECF No. 20) is GRANTED. Petitioner shall have 30 days from the date this order is entered to file an amended habeas petition on the court's approved form. The Clerk shall send petitioner a noncapital Section 2254 habeas petition form, one copy of the instructions for the form, and a copy of his proposed amended petition (ECF No. 20-1).

**IT FURTHER IS ORDERED** that petitioner's motion for reconsideration (ECF Nos. 9/13/15/16/23) is DENIED.

**IT IS FURTHER ORDERED** that petitioner's motion for summary judgment (ECF No. 14) is DENIED.

**IT IS FURTHER ORDERED** that petitioner's motion to strike (ECF No. 24) is DENIED as a corrected image of ECF No. 9 is located at ECF No. 16.

**IT FURTHER IS ORDERED** that respondents' motions for extension of time (ECF Nos.11/30) and motion for clarification (ECF Nos. 29) are DENIED as moot.

DATED this 7th day of January, 2020.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE