UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ZACKERY CRABTREE,<br><br>　　　　　　　　Petitioner,<br>　v.<br><br>WILLIAM GITTERE, et al.,<br><br>　　　　　　　　Respondents. | Case No. 3:19-cv-00479-LRH-CLB<br><br>ORDER |

This is an action for habeas relief under 28 U.S.C. § 2254 brought by Zackery Crabtree, a Nevada prisoner. Respondents have filed a motion to dismiss Crabtree's petition for a writ of habeas corpus. ECF No. 43. As grounds for dismissal, respondents contend the petition is wholly unexhausted. Also pending before the court are Crabtree's motions for an evidentiary hearing and for appointment of counsel. ECF Nos. 37/39/41. For reasons that follow, the motion to dismiss is granted in part and denied in part. Crabtree's motions are denied.

I.  BACKGROUND

Pursuant to a guilty plea agreement consolidating two criminal cases, Crabtree was convicted in the Fifth Judicial District Court for Nevada of invasion of the home and attempted battery by a prisoner. The court sentenced him to consecutive terms totaling 67 to 168 months and entered a judgment of conviction on September 27, 2016. Crabtree's attempts at a direct appeal were dismissed as untimely.

///

In June 2017, Crabtree filed a post-conviction petition for a writ of habeas corpus in the state district court in which he raised the following claims: (1) his guilty plea was not knowing or voluntary because he was a lawful occupant of the home he was alleged to have invaded, (2) his sentence is invalid because his counsel had promised him he would receive probation in return for providing substantial assistance to law enforcement, (3) his guilty plea and sentence are invalid because his counsel failed to recognize that probation in exchange for substantial assistance was not available in his case, and (4) his guilty plea and sentence are invalid because his counsel failed to call exculpatory witnesses to testify at his preliminary hearing. Prior to the state district court ruling upon his post-conviction petition, Crabtree filed motions to modify his sentence and to withdraw his guilty plea in which he raised some of the same arguments.

The state district court denied the motions a couple of weeks after they were filed in December 2017. Then, in June 2018, the state district court denied Crabtree's post-conviction petition. On appeal to the Nevada Supreme Court, Crabtree made the following arguments: (1) the district court erred in denying his motion to withdraw his guilty plea, (2) the district court erred by allowing him to plead guilty to a charge that did not apply to him, and (3) he was provided ineffective assistance of counsel (IAC) due to various deficiencies in his counsel's performance.

In June 2019, the Nevada Supreme Court entered an order affirming the lower court's judgment denying post-conviction relief. In August 2019, Crabtree initiated this federal habeas corpus proceeding. In January 2020, he filed an amended petition raising three grounds for relief.

II. EXHAUSTION

Respondents argue Crabtree has failed to exhaust state court remedies for all the claims in his federal habeas petition. A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before

he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir.1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy*, 455 U.S. at 520).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988).

III.  DISCUSSION

*Ground One*

In Ground One, Crabtree alleges his conviction and sentence are in violation of his Fifth and Fourteenth Amendment right to due process because his guilty plea was not voluntary and knowing. The claim is premised on allegations that an unwritten part

3

of his guilty plea agreement was that he was to receive probation in exchange for providing substantial assistance to law enforcement. He further alleges that, when the court advised the parties that his case did not qualify for a substantial assistance sentence reduction, the court, his counsel, and the district attorney conspired to nullify that part of the plea agreement without his consent.

As respondents point out, Crabtree presented this claim to the Nevada Supreme Court in the context of arguing the state district court erred in denying his motion to withdraw his guilty plea. ECF No. 45-31 at 15-29. The Nevada Supreme Court refused to consider the arguments because Crabtree had not timely appealed the lower court's denial of the motion. ECF No. 45-33 at 2-3. As a result, the claim is unexhausted. *See Chambers v. McDaniel*, 549 F.3d 1191, 1196 (9th Cir. 2008) ("[E]xhaustion is not satisfied 'where the claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor.'" (quoting *Castille v. Peoples*, 489 U.S. 346, 351 (1989)).

*Ground Two*

In Ground Two, Crabtree alleges his conviction and sentence are in violation of his Sixth Amendment right to effective assistance of counsel. This claim is also based on allegations that Crabtree's guilty plea agreement included a promise that he would receive probation in exchange for substantial assistance. Crabtree alleges counsel was ineffective by entering into an agreement that could not be honored.

Crabtree presented this claim to the Nevada Supreme Court in his state post-conviction proceeding. ECF No. 45-31 at 32-39. The Nevada Supreme Court addressed the claim on the merits in ruling upon Crabtree's appeal. ECF No. 45-33 at 4-5. The claim is exhausted.[1]

///

///

---

[1] The court has also considered and rejects respondents' argument that Ground Two fails to state a claim for federal habeas relief.

4

*Ground Three*

In Ground Three, Crabtree alleges his conviction and sentence are in violation of his Eighth Amendment right to be free from cruel and unusual punishment. Crabtree has not presented this claim to the Nevada courts. Ground Three is unexhausted.

IV. ADDITIONAL MOTIONS

Crabtree has filed a motion for an evidentiary hearing. With the motion, he asks the court to conduct a hearing to resolve factual disputes related to his lawful tenant defense to the home invasion charge. ECF No. 39. This alleged factual dispute is not relevant to an exhausted claim before the court. The motion is denied.

Crabtree has also filed two more motions for appointment of counsel. ECF Nos. 37/41. These motions are denied for reasons his previous motion for appointment of counsel was denied. *See* ECF No. 31.

IT IS THEFORE ORDERED that respondents' motion to dismiss (ECF No. 43) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that, with respect to petitioner's unexhausted claims (Grounds One and Three), petitioner shall have thirty (30) days to either: (1) inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; OR (2) inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims;[2] OR (3) file a motion for a stay and abeyance, asking this court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims. If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7–2.

///

---

[2] This option comes with no assurance that a future habeas petition would not be time-barred. *See* 28 U.S.C. § 2244(d); *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (section 2244(d) limitation period is not tolled during the pendency of a federal habeas petition).

5

IT IS FURTHER ORDERED that if petitioner elects to abandon his unexhausted grounds, respondents shall have thirty (30) days from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining ground for relief.

IT IS FURTHER ORDERED that petitioner shall have thirty (30) days following service of respondents' answer in which to file a reply.

IT IS FURTHER ORDERED that if petitioner fails to respond to this order within the time permitted, this case may be dismissed pursuant to *Rose v. Lundy*.

IT IS FURTHER ORDERED that petitioner's motions for appointment of counsel (ECF Nos. 37 and 41) and motion for an evidentiary hearing (ECF No. 39) are DENIED.

IT IS FURTHER ORDERED that pending motions for extension of time (ECF Nos. 35 and 36) are GRANTED *nunc pro tunc* as of their respective filing dates.

DATED this 1st day of March, 2021.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE