1

2

3          UNITED STATES DISTRICT COURT

4              DISTRICT OF NEVADA

5                    * * *

6   ZACKERY CRABTREE,                    Case No. 3:19-cv-00479-LRH-CLB

7                        Petitioner,

8   v.                                   ORDER

9   WILLIAM GITTERE, et al.,

10                      Respondents.

11

12        This is an action for habeas relief under 28 U.S.C. § 2254 brought by Zackery

13   Crabtree, a Nevada prisoner. Respondents have filed a motion to dismiss claims in

14   Crabtree's amended petition for a writ of habeas corpus (ECF No. 33). ECF No. 65. As

15   grounds for dismissal, respondents argue that Ground 1 and Ground 3 of the amended

16   petition are procedurally defaulted. Also pending before the court is Crabtree's motion

17   for appointment of counsel. ECF No. 62. For reasons that follow, the respondents'

18   motion to dismiss is granted in part and denied in part, and Crabtree's motion for

19   appointment of counsel is denied.

20        I. Procedural Background

21        Pursuant to a guilty plea agreement consolidating two criminal cases, Crabtree

22   was convicted in the Fifth Judicial District Court for Nevada of invasion of the home and

23   attempted battery by a prisoner. The court sentenced him to consecutive terms totaling

24   67 to 168 months and entered a judgment of conviction on September 27, 2016.

25   Crabtree's attempts at a direct appeal were dismissed as untimely.

26

27

28

In June 2017, Crabtree filed a post-conviction petition for a writ of habeas corpus in the state district court. Prior to the state district court ruling upon his post-conviction petition, Crabtree filed motions to modify his sentence and to withdraw his guilty plea.

The state district court denied the motions a couple of weeks after they were filed in December 2017. Then, in June 2018, the state district court denied Crabtree's post-conviction petition. Crabtree appealed. In June 2019, the Nevada Supreme Court entered an order affirming the lower court's judgment denying post-conviction relief.

In August 2019, Crabtree initiated this federal habeas corpus proceeding. In January 2020, he filed an amended petition raising three grounds for relief. In response to the petition, respondents filed a motion to dismiss arguing that all three grounds were unexhausted. The court agreed with respect to Grounds 1 and 3 (but not Ground 2) and gave Crabtree the option of either abandoning the unexhausted claims or requesting a stay while he returned to state court to exhaust his unexhausted claims. He chose the latter and respondents did not oppose.

Consequently, the court entered an order imposing a stay, and Crabtree filed a second habeas petition in state court. The state district court entered an order erroneously stating that the state court need not act on the petition because Crabtree had a case pending in federal court. Crabtree petitioned the Nevada Supreme Court for a writ of mandamus, which the court denied because Crabtree had neglected to attach a copy of the petition for writ of habeas corpus that he had filed in the lower court.

In May 2022, this court granted Crabtree's request to reopen these proceedings. The following week, he filed a motion for appointment of counsel. In August 2022, respondents filed their motion to dismiss.

II. Motion to Dismiss

Respondents argue that Grounds 1 and 3 are procedurally defaulted because Crabtree can no longer present the claims in compliance with Nevada's procedural rules. Crabtree presented both grounds to the state district court in compliance with this

2

1 court's order granting him a stay for that purpose. Rather than adjudicate the claims, the

2 state district court judge appears to have misunderstood the purpose of this court's stay

3 order and refused to act on Crabtree's petition. ECF No. 66-4.

4      As respondents note, Nevada has procedural rules that would serve as grounds

5 for dismissing Crabtree's habeas claims. Under Nevada law, a petitioner must

6 raise all available claims on direct appeal. *Franklin v. State*, 877 P.2d 1058, 1059 (Nev.

7 1994) *overruled on other grounds by Thomas v. State*, 979 P.2d 222 (Nev. 1999). In

8 addition, he has only one year from the time his direct appeal concludes to file a petition

9 for a writ of habeas corpus. Nev. Rev. Stat. § 34.726. And, a petitioner may only file one

10 state post-conviction petition, and must raise all available claims in that one petition; any

11 second or successive petition raising claims that should have been raised earlier is

12 barred by Nev. Rev. Stat. § 34.810.

13      Presumably, the state district court would have applied one or more of these

14 procedural bars had it properly adjudicated Crabtree's most recent petition. Also, any

15 further attempt to exhaust the claims would almost certainly have the same result.

16 Under such circumstances, the claims are considered technically exhausted, but

17 procedurally defaulted. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).[1] Where a

18 petitioner has procedurally defaulted his claims, federal review is barred unless he "can

19 demonstrate cause for the default and actual prejudice as a result of the alleged

20 violation of federal law, or demonstrate that failure to consider the claims will result in a

21 fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1, 750

22 (1991).

23

24

25 [1] *See also Dickens v. Ryan*, 740 F.3d 1302, 1317 (9th Cir. 2014) (en banc) ("An unexhausted claim will be procedurally defaulted, if state procedural rules would now bar the petitioner from

26 bringing the claim in state court."); *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002) (federal courts may consider a claim procedurally defaulted if "it is clear" such claim would be procedurally

27 barred by state courts).

28

1   Nevada's procedural bars can be excused by a showing of cause and prejudice

2   or actual innocence, which are substantially the same as the federal standards. As

3   respondents acknowledge, however, "the question whether a petitioner's procedural

4   default is excused by cause and prejudice for purposes of federal habeas review is a

5   federal, not state, question." *Visciotti v. Martel*, 862 F.3d 749, 768 n.10 (9th Cir. 2016).

6   Thus, this court will reserve judgment as to whether the procedural default of Grounds 1

7   and/or 3 should be excused. Crabtree may argue that point when he files his reply to

8   the respondents' answer.

9   III.  Motion for Appointment of Counsel

10   Crabtree's motion of appointment of counsel (ECF Nos. 62) is one of several he

11   has filed in this proceeding. The motion is denied for reasons his previous motions for

12   appointment of counsel were denied. See ECF Nos. 31/49.

13   IV.  Conclusion

14   IT IS THEFORE ORDERED that respondents' motion to dismiss (ECF No. 65) is

15   GRANTED in part and DENIED in part. Grounds 1 and 3 are technically exhausted, but

16   procedurally defaulted because they would be procedurally barred by the state courts.

17   IT IS FURTHER ORDERED that a decision on whether Crabtree can

18   demonstrate the procedural default should be excused is DEFERRED until after the

19   parties have answered and replied.

20   IT IS FURTHER ORDERED that respondents have 60 days from the date this

21   order is entered to file and serve an answer to Crabtree's amended petition (ECF No.

22   33). In all other respects, the scheduling order entered on May 18, 2022, (ECF No. 60)

23   remains in effect.

24   \ \ \

25   \ \ \

26   \ \ \

27

28

1      IT IS FURTHER ORDERED that Crabtree's motion for appointment of counsel

2    (ECF Nos. 62) is DENIED.

3      DATED THIS 28 day of Nov. , 2022.

4

5                                                    _____
                                                     UNITED STATES DISTRICT JUDGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28