UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ZACKERY CRABTREE,<br><br>　　　　　　　　　　Petitioner,<br>　　v.<br><br>WILLIAM GITTERE, et al.,<br><br>　　　　　　　　　　Respondents. | Case No. 3:19-cv-00479-LRH-CLB<br><br>ORDER |

I.     **INTRODUCTION**

    This case is a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 brought by Zackery Crabtree, a prisoner held in custody by the Nevada Department of Corrections. For the reasons set forth herein, the court will deny Crabree's habeas petition.

II.     **BACKGROUND**

    Under a guilty plea agreement consolidating two criminal cases, Crabtree was convicted in the Fifth Judicial District Court for Nevada of invasion of the home and attempted battery by a prisoner. The court sentenced him to consecutive terms totaling 67 to 168 months and entered a judgment of conviction on September 27, 2016. Crabtree's attempts at a direct appeal were dismissed as untimely.

    In June 2017, Crabtree filed a post-conviction petition for a writ of habeas corpus in the state district court. Prior to the state district court ruling upon his post-conviction petition, Crabtree filed motions to modify his sentence and to withdraw his guilty plea.

    The state district court denied the motions a couple of weeks after they were filed

in December 2017. Then, in June 2018, the state district court denied Crabtree's post-conviction petition. Crabtree appealed. In June 2019, the Nevada Supreme Court entered an order affirming the lower court's judgment denying post-conviction relief.

In August 2019, Crabtree initiated this federal habeas corpus proceeding. In January 2020, he filed an amended petition raising three grounds for relief. In response to the petition, respondents filed a motion to dismiss arguing that all three grounds were unexhausted. The court agreed with respect to Grounds 1 and 3 (but not Ground 2) and gave Crabtree the option of either abandoning the unexhausted claims or requesting a stay while he returned to state court to exhaust his unexhausted claims. He chose the latter and respondents did not oppose.

Consequently, the court entered an order imposing a stay, and Crabtree filed a second habeas petition in state court. The state district court entered an order erroneously stating that the state court need not act on the petition because Crabtree had a case pending in federal court. Crabtree petitioned the Nevada Supreme Court for a writ of mandamus, which the court denied because Crabtree had neglected to attach a copy of the petition for writ of habeas corpus that he had filed in the lower court.

In May 2022, this court granted Crabtree's request to reopen these proceedings. In August 2022, respondents filed a motion to dismiss. In deciding the motion to dismiss, the court concluded that Grounds 1 and 3 of Crabtree's petition are technically exhausted, but procedurally defaulted because they would be procedurally barred by the state courts. The court reserved judgment as to whether the procedural default should be excused.

Respondents then filed an answer to all three grounds in the petition. The time allotted for Crabtree to file a reply has elapsed. Thus, the case is ready for a decision on the merits.

### III.     STANDARDS OF REVIEW

Where a petitioner has procedurally defaulted his claims, federal review is barred unless he "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will

result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a state court has adjudicated a habeas corpus claim on its merits, a federal district court may only grant habeas relief with respect to that claim if the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court acts contrary to clearly established federal law if it applies a rule contradicting the relevant holdings or reaches a different conclusion on materially indistinguishable facts. *Price v. Vincent*, 538 U.S. 634, 640 (2003). And a state court unreasonably applies clearly established federal law if it engages in an objectively unreasonable application of the correct governing legal rule to the facts at hand. *White v. Woodall*, 134 S. Ct. 1697, 1705–07 (2014). As "a condition for obtaining habeas relief," a petitioner must show that the state-court decision "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility of fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

**IV.  DISCUSSION**

    **A.  Grounds 1 and 3**

In Ground 1, Crabtree claims that his state court conviction and sentence violate his right to due process under the Fifth and Fourteenth Amendment because his guilty plea was the product of an illegal agreement involving substantial assistance benefits. In Ground 3 claim, he claims that his sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment. As noted above, these claims are both procedurally defaulted.

In its order deciding respondents' motion to dismiss, the court advised Crabtree that he could argue grounds for excusing the procedural defaults when he filed his reply to respondents' answer. *See* ECF No. 69 at 4. Crabtree did not file a reply. Thus, Grounds

1 and 2 are dismissed as procedurally defaulted. *See Coleman*, 501 U.S. at 750.

B.  **Ground 2**

In Ground 2, Crabtree alleges that he was deprived of effective assistance of counsel in violation of his constitutional rights because his counsel failed to enforce an agreement that he would be granted probation if he provided substantial assistance to law enforcement.

The right to counsel embodied in the Sixth Amendment provides "the right to the effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970)). In *Strickland*, the United States Supreme Court held that an ineffective-assistance claim requires a petitioner to show that: (1) his counsel's representation fell below an objective standard of reasonableness under prevailing professional norms in light of all of the circumstances of the particular case; and (2) it is reasonably probable that, but for counsel's errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 690, 694. When an ineffective assistance of counsel claim bears on a defendant's decision to enter a guilty plea, the petitioner must demonstrate that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (citations omitted).

In affirming the state district court's denial of Crabtree's petition for writ of habeas corpus, the Nevada Court of Appeals cited the correct federal standards and held as follows:

> We conclude that Crabtree did not show deficient performance. . . . The record belies Crabtree's allegation that he received an unrecorded promise of probation: he acknowledged during the plea canvass that no party had made any promises beyond the guilty plea agreement, that sentencing was entirely up to the court, and that a prior conviction for burglary—which he had—would preclude probation. The record next repels Crabtree's allegation that he had a relevant substantial assistance agreement: counsel and the district court independently reviewed the issue and concluded that whatever substantial assistance agreement existed was entered after the plea agreement was reached and had no connection to these proceedings.

ECF No. 45-33 at 4.

      The state court record supports the court's findings regarding Crabtree's plea colloquy. The transcript of a case status hearing held prior to sentencing casts some doubt on the finding that assistance agreement did not occur until after Crabtree entered his guilty plea. *See* ECF No. 44-27 at 3-4. Even so, Crabtree has not demonstrated the state court made an unreasonable determination of the fact in light of the evidence before it. *See Schriro v. Landrigan,* 550 U.S. 465, 473 (2007) ("The question under [§ 2254(d)] is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold.") In sum, the state court's rejection of Ground 2 withstands scrutiny under § 2254(d). Thus, a writ of habeas corpus "shall not be granted." 28 U.S.C. § 2254(d).

## V.    CONCLUSION

      For the reasons set forth above, Crabtree's petition for habeas relief will be denied.

### *Certificate of Appealability*

      This is a final order adverse to a habeas petitioner. As such, Rule 11 of the Rules Governing Section 2254 Cases requires this court to issue or deny a certificate of appealability (COA). Accordingly, the court has *sua sponte* evaluated the claims within the petition for suitability for the issuance of a COA. *See* 28 U.S.C. § 2253(c); *Turner v. Calderon*, 281 F.3d 851, 864-65 (9th Cir. 2002).

      Under 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." With respect to claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). For procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether the court's procedural ruling was correct. *Id*.

      Having reviewed its determinations and rulings in adjudicating Crabtree's petition, the court declines to issue a certificate of appealability for its resolution of any procedural

issues or any of Crabtree's habeas claims.

IT IS THEREFORE ORDERED that Crabtree's first amended petition for writ of habeas corpus (ECF No. 33) is DENIED. The Clerk shall enter judgment accordingly and close this case.

IT IS FURTHER ORDERED that a certificate of appealability is denied.

IT IS SO ORDERED.

DATED THIS 14th day of December 2023.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE